**Chai Hong ZHENG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70582.
Agency No. A77–353–880.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 19, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David Z. Su, Law Offices of David Z. Su, El Monte, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Isaac R. Campbell, Office of Immigration Litigation, Civil Division, Department of Justice, Michael T. Dougherty, Office of Immigration Litigation, Ben Franklin Station—Civil Division, Richard M. Evans, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM**

Chai Hong Zheng, a native and citizen of China, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ") denial of her requests for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, see *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and deny the petition for review.

The record does not compel a conclusion that Zheng suffered past persecution when she was detained by local

** This disposition is not appropriate for publication and may not be cited to or by the

Communist party officials for five days, without threats or abuse. *See Al–Saher v. INS*, 268 F.3d 1143, 1146 (9th Cir.2001). The record also does not compel a conclusion that Zheng's fear of future persecution is on account of religion because she testified that the death threat she received from her ex-boyfriend and his father, a local Communist party member, was due to her refusal to marry him. *See Kozulin v. INS*, 218 F.3d 1112, 1117 (9th Cir.2000) (rejecting possibility of "mixed motive" where the evidence taken as a whole, including petitioner's own testimony, suggests that the threats were not based on an enumerated ground); *Zayas–Marini v. INS*, 785 F.2d 801, 806 (9th Cir.1986) (rejecting asylum claim based upon death threats grounded in personal animosity).

Because Zheng did not establish eligibility for asylum, she necessarily fails to establish eligibility for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

Zheng's remaining contentions lack merit.

## PETITION FOR REVIEW DENIED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.